## Western Stone Co. v. Valentine Musial.

1. MASTER AND SERVANT—*Dangers Incident to the Service.*—Where a servant is injured by dangers incident to the service in which he is engaged—a danger which he voluntarily assumed when he entered into the employment—and where the danger or hazard has not been increased by any fault or negligence of the master, the latter is not liable to the servant for such injury.

2. INSTRUCTIONS—*Negligence—Ordinary Care.*—An instruction which tells the jury that although the defendant might have been guilty of negligence, yet if the plaintiff was also guilty of negligence which helped materially to bring about the accident, the plaintiff could not recover, but gives no definition of either negligence or ordinary care, is erroneous.

Action in Case, for personal injuries. Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed October 12, 1899.

Americus B. Melville and Haley & O'Donnell, attorneys for appellant.

Girten & Cronin, E. Meers and A. M. Lasley, attorneys for appellee.

Mr. Presiding Justice Crabtree delivered the opinion of the court.

This was an action on the case, to recover damages for personal injuries sustained by appellee while working in stone quarry No. 6, operated by appellant, on August 22, 1896, near Lamont, Illinois.

The injury was caused by the falling of a bank under which appellee was working at the time of the accident. The quarry in question faced the north, and consisted of an excavation, which ran lengthwise east and west, and terminated at the base of a wall of solid stone ten or twelve feet high, and above that was a bank of clay and gravel sloping upward to a considerable height. From the surface of the ground above there was about twenty feet of clay and dirt before the rock was reached; below that was rock of poor quality, some four or five feet in depth, and from that to the bottom of the quarry was good solid rock. The face of the rock was cut down perpendicularly. The slope of the bank above the rock was in about the proportion of one foot in two. The manner of operating the quarry was to first remove the gravel and clay above the rock, which was called "stripping," so as to leave a sloping face terminating at the top of the rock, and in such condition that it would not be liable to fall down upon the men working below. In entering the quarry the men approached the bank from the north. On the morning of the accident, the employes, including appellee, came in at the usual time and place, and appear to have noticed that in consequence of a rain during the previous night, mud, clay and gravel had been washed down from the bank and fallen upon the bottom of the quarry, so as to interfere with their work. It also appears that before commencing work, the men

looked at the face of the bank, and examined its condition with more than usual care. The foreman and all the employes, including appellee, were experienced quarrymen, and the conditions which existed on that morning in consequence of the rain, were no surprise to them, as the proofs show that rain always caused the slipping of gravel and clay from the face of the bank into the quarry below. The negligence charged in the declaration was a failure to furnish appellee a safe place to work, and a failure to use due care to ascertain the alleged dangerous condition of the bank which fell upon and injured appellee.

There was a trial by jury resulting in a verdict in appellee's favor for $6,000. The court required a remittitur of $2,000, which being entered, the court overruled a motion for new trial and entered judgment against appellant for $4,000, and it prosecutes this appeal.

1.   We are of the opinion a clear preponderance of the evidence in the record now before us, shows that the injury to appellee was caused by one of the dangers incident to the service in which he was engaged; a danger which he voluntarily assumed when he entered into the employment of appellant. It is unnecessary to cite authorities to the proposition, that where one is so injured, and where the danger or hazard has not been increased by any fault or negligence of the master, the latter is not liable to the servant for such injury.

2.   It is not shown by a preponderance of the evidence that appellant was guilty of the negligence charged in the declaration. On the contrary the greater weight of the evidence is that appellant's foreman, before the accident, caused a proper and careful inspection to be made of the bank, to ascertain its condition as to safety, and there was no want of due care in that respect. It is clear, therefore, that the verdict is not supported by the evidence.

Complaint is made that the court improperly modified one of the instructions asked by appellant. As drawn, the instruction would have told the jury that even if the defendant was guilty of negligence, yet if the jury believed

from the evidence that the plaintiff was guilty of negligence which helped in any way to bring about the accident which resulted in the injury complained of, they should return a verdict of not guilty.   The court modified the instruction by striking out the words "in any way" and inserting in lieu thereof the word "materially," and gave it as thus modified.   The jury were thus in effect told that although the defendant might have been guilty of negligence, yet if the plaintiff was also guilty of negligence which helped materially to bring about the accident plaintiff could not recover.   It is contended that the instruction, as thus modified, resurrects the obsolete doctrine of comparative negligence.   We do not think it open to this construction, although we are not disposed to entirely approve of the instruction, either as asked or as modified and given.   True, the plaintiff can not recover unless he was in the exercise of ordinary care for his own safety, at the time of the accident, and it is proper to so inform the jury, giving them at the same time a suitable definition as to what is meant by ordinary care.   We regard that as the proper method of submitting the question to the jury.   Although the instructions given in the case were numerous, no definition, either of negligence or ordinary care, appears to have been given to the jury, and the instruction under discussion would seem to turn them loose upon a sea of speculation without any guidance to a proper conclusion.

In his closing argument counsel for plaintiff made statements to the jury which were objected to by counsel for the defendant, and the objection was sustained by the court.   The statements were improper, and after the court had so ruled, counsel should not have attempted to reiterate them, but so far as the court ruled on the question the ruling was correct, and appellant has no cause of complaint on that score.

For the reasons given, however, the judgment must be reversed and the cause remanded.